UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                   PLAINTIFF

v.                                                                         CRIMINAL ACTION NO.: 3:22-CR-113-DJH

BRANDON CHRISTIAN                                                                                        DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for November 28, 2023.

### Statutory Sentencing Provisions

Brandon Christian stands convicted of conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A), and (b)(1)(B). (Count 1 of the Superseding Indictment) A conviction under these statutes carries a minimum term of imprisonment of 10 years, a potential maximum fine of $10,000,000, and a term of supervised release of no less than 5 years. The defendant also stands convicted of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). (Count 4 of the Superseding Indictment) A conviction under these statutes carries a minimum term of imprisonment of 10 years, a potential maximum fine of $10,000,000, and a term of supervised release of no less than 5 years. Lastly, the defendant stands convicted of distribution of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). (Count 6 of the Superseding Indictment) A conviction under these statutes carries a maximum term of

imprisonment of 20 years, a potential maximum fine of $1,000,000, and a term of supervised release of no less than 3 years.

## Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offenses based on purity should be 31. (DN 101, PSR at ¶ 26 Page ID # 462). Moreover the PSR concludes that the total offense level applicable to the offenses based on mixture and substance should be 27. (DN 101, PSR at ¶ 37 Page ID # 463). The PSR also concludes that Mr. Christian's criminal history places him in Criminal History Category III. (*Id*. at ¶ 54, Page ID # 468). Based upon a total offense level of 31 and a criminal history category of III, the guideline imprisonment range is 135 to 168 months. (*Id*. at ¶ 81, Page ID # 471). The guideline of imprisonment is 120 months, if the guideline calculation is based on mixture and substance of the methamphetamine with a base level offense of 27 and a criminal history category of III. (*Id*.).

## Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and

2

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

  Mr. Christian stands convicted of conspiracy to possess with intent to distribute controlled substances, distribution of methamphetamine and distribution of fentanyl. It is the position of the United States that a sentence of 120 months' imprisonment, in keeping with the Rule 11(c)(1)(C) plea agreement between the parties, would accomplish the sentencing purposes of 3553(a). The proposed sentence in this action will adequately promote respect for the law, reflect the seriousness of the offenses, provide just punishment for the offenses, protect the public, deter further criminal conduct, and provide Mr. Christian with needed correctional treatment.

## Conclusion

  For the reasons set forth herein, the United States respectfully requests the Court to accept the plea agreement and sentence the defendant in accordance with the plea agreement to a sentence of 120 months' imprisonment, followed by a term of supervised release of no less than 5 years.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
alicia.gomez@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney